# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1867V

|  |  |
|---|---|
| MELVIN PRICE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: September 9, 2024 |

*Jeffrey Gordon, Maney & Gordon, P.A., Tampa, FL,* for Petitioner.

*James Vincent Lopez, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On September 17, 2021, Melvin Price, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine received on October 1, 2018. Petition, ECF No. 1. On November 29, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 35.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $24,567.19 (representing $23,767.50 in fees plus $799.69 in costs). Application for Attorney's Fees and Costs ("Motion") filed April 3, 2024, ECF No. 40. Furthermore, Petitioner filed a signed statement representing that he incurred no out-of-pocket expenses. Motion at 27.

Respondent reacted to the motion on April 3, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 41.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests that I endorse the hourly rate of $500.00 for all work performed by attorneys Jeffrey Gordon and Steven Zaloudek for the 2020-24 timeframe. I find the requested rate to be excessive, however.

Mr. Gordon has not received an hourly rate increase in the Vaccine Program since 2019, at which time he was awarded the lesser sum of **$390 per hour** for that year. As a result, awarding him $500.00 per hour for 2020 would amount to a more than $100.00 increase. Similarly, Mr. Zaloudek's last established rate in any Program case was also $390 per hour **– but for time billed in 2020**. See *Harvard* v. *Sec'y of Health & Hum. Servs.*, No. 18-1120V, Slip Op. 59 (Fed. Cl. Spec. Mstr. July 20, 2020).

Even allowing for increases each year since, the additional sums requested for subsequent years are inordinately large. Additionally, this is only the relevant attorneys' third case representing petitioners in the Vaccine Program – a factor highly relevant to what general rate is merited. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, and based on my experience applying the factors pertaining to determining proper hourly rates for Program attorneys, I hereby award Mr. Gordon the hourly rate of $420.00 for 2020, and then $470.00 for all time billed in the 2021-24 timeframe. For Mr. Zaloudek, I hereby award the hourly rate of $414 for 2021, and $464.00 for all time billed in the 2022-24 timeframe. **Application of the foregoing reduces the amount of fees to be awarded by $2,491.00.**[3]

## ATTORNEY COSTS

Petitioner requests $799.69 in overall costs. ECF No. 40 at 19-27. Such costs reflect the expense of obtaining medical records and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable, with the exception of

---

[3] This amount is calculated as: ($500 - $470 = $30 x 0.20 hrs.) + ($500 - $414 = $86 x 22.70 hrs.) + ($500 - $464 = $36 x 14.80 hrs. = $532.80) = $2,491.00

$78.85 in requested costs that have not been substantiated by any supporting documentation, such as an invoice or proof of payment. *Id.* When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Thus, I hereby reduce the requested costs by **$78.85.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. I award a total of **$21,997.34 (representing $21,276.50 in fees plus $720.84 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Jeffrey Gordon.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.